UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. BELL, | : | CIVIL NO: 1:13-CV-00759 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | (Magistrate Judge Schwab) |
| Respondent. | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

The petitioner, James Bell ("Bell"), a prisoner at the State Correctional Institution in Coal Township, Pennsylvania ("SCI Coal Township"), originally filed this 28 U.S.C. § 2254 petition on March 25, 2013. Since that time, Bell elected to withdraw his petition and file an all-inclusive, comprehensive one, and on June 14, 2013, he did just that, *see Doc.* 15. The Court, however, recently noticed that Bell is actually challenging a conviction that he received in the Court of Common Pleas of Berks County, which is in the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Accordingly, for the following reasons we recommend that the case be transferred to the United States District Court for the Eastern District of Pennsylvania.

## II. Discussion.

In this case, we find that this petition should be transferred to the federal district court in the Eastern District of Pennsylvania, the venue where Bell was convicted, and the venue where the state sentence that is the subject of this habeas corpus petition was imposed. For state prisoners who seek to contest some aspect of their state sentences, 28 U.S.C. § 2241(d) specifies where habeas corpus petitions should be filed, and provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Thus, state prisoner habeas corpus petitions may be brought either in the federal judicial district in which the state court of the conviction is located or, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may also be brought in the district of confinement. *See* 28 U.S.C. § 2241(d). However, § 2241(d) also provides that the district court for the district in which the petition is filed may "in

furtherance of justice" transfer the petition to the federal district court in which the state court of the conviction is located. 28 U.S.C. § 2241(d); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

In this case, Bell is a state prisoner who has filed a habeas corpus petition with the United States District Court for the Middle District of Pennsylvania challenging a state conviction arising out of a case prosecuted in the Eastern District of Pennsylvania (i.e. Berks County), a conviction and underlying state case which are matters that fall under the venue of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118(a). Given that this offense, state prosecution, and sentencing all apparently took place in the Eastern District of Pennsylvania, it would be in the interest of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 2241(d); *see also Miller*, 905 F.2d at 262. Indeed, the United States District Courts for Pennsylvania's three federal judicial districts have customarily transferred petitions of this type to the district of conviction for substantive habeas proceedings. *Helfrich v. Coleman*, No. 10–958, 2010 WL 1337728 (E.D.Pa. April 6, 2010); *McKeever v. McGrady*, No. 08–2905, 2008 WL 5101729 (E.D.Pa. Nov.26, 2008); Fletcher v. Rozum, No. 08–716, 2008 WL 2609826 (W.D.Pa. June 26, 2008); *Reinhold v. Rozum*, No. 4:CV–07–1997, 2007 WL 4248273 (M.D.Pa. Nov.30, 2007). This course of action, in turn, is consistent with the guidance of

3

the Third Circuit which has "note[d] that it is quite clear that ordinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses." *In re Nwanze*, 242 F.3d 521, 526 n. 2 (3d Cir. 2001)(internal citations omitted). Thus, this practice is permitted by statute, is commonplace, is endorsed by the court of appeals, achieves a desirable uniformity of approach among the three districts in the matter of exercising jurisdiction in these cases, and serves the interests of the litigants in those cases where hearings are required.

Further, an order transferring this case to Eastern District of Pennsylvania for further proceedings also protects Bell's rights. Such a transfer order avoids any unintended prejudice to him which might flow from a dismissal of this action. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of Bell's claims, thus assuring that he can have this case heard on its merits in the most appropriate forum. *See generally*, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338.

### III. **Recommendation.**

Accordingly, for the foregoing reasons, it is **RECOMMENDED** that:

(1) This case be transferred to the United States District Court for the Eastern District of Pennsylvania in accordance with 28 U.S.C. § 2241(d).[1]

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own Determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

---

[1] Bell has since filed amendments to his petition (*Doc.* 18) without filing a motion for leave to file an amended petition. We leave that issue to be addressed by the United States District Court for the Eastern District of Pennsylvania.

5

Submitted this **19th** day of **July, 2013**.

> *<u>S/Susan E. Schwab</u>*
> Susan E. Schwab
> United States Magistrate Judge